UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAMON SANTANA, | * | |
| | * | |
| Petitioner, | * | Civil Action No. 14-cv-14097-ADB |
| | * | |
| v. | * | |
| | * | |
| KELLY RYAN, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER

July 30, 2015

BURROUGHS, D.J.

## I. Introduction

On October 24, 2014, Ramon Santana (the "Petitioner"), acting pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Dkt. 1.] The same day, he filed his first "Motion for Stay of Proceedings," asking the Court to stay his federal habeas petition to enable him to "exhaust merit issues in state court." [Dkt. 2.] This motion for stay did not identify the unexhausted claims to be pursued in state court or articulate any grounds in support of a stay, aside from the need to exhaust issues. On November 10, 2014, the Petitioner filed a second "Motion for Stay and Abeyance," this time identifying certain claims to be exhausted and setting forth some argument in support of his request for a stay. [Dkt. 9.] The Court previously denied the first motion for stay as moot in light of the subsequently filed motion. See Order (June 25, 2015) [Dkt. 43]. For the reasons explained below, the Court now DENIES the second motion for stay.

## II. Procedural Background

The facts of the underlying criminal case are set forth in Commonwealth v. Santana, 465 Mass. 270, 272-78 (2013), and are not discussed herein, except as they pertain to this opinion. In February 2001, a jury in the Massachusetts Superior Court for Hampden County (the "Superior Court") convicted the Petitioner of first-degree murder, armed home invasion, and related crimes. [Respondent's Supplemental Answer ("S.A."), at 6, 21.][1] He was sentenced to two consecutive terms of life imprisonment in state prison as well as to other lengthy prison sentences based on his counts of conviction. [S.A. 171.]

On February 22, 2001, the Petitioner timely filed his direct appeal to the Massachusetts Supreme Judicial Court ("SJC"), although the appeal did not actually proceed at that time.[2] [S.A. 6, 24.] In 2007, new appellate counsel was appointed, following apparent communication difficulties between the Petitioner and his first appellate counsel. [S.A. 7, 13, 24.] In July 2009, through his new counsel, the Petitioner filed a motion for a new trial, which the SJC remanded to the Superior Court. [S.A. 14, 24.] On May 27, 2010, following a non-evidentiary hearing held in November 2009 and an evidentiary hearing held in March 2010, the motion for a new trial was denied. [S.A. 24.] On June 24, 2010, the Petitioner timely appealed the denial of his motion for a new trial, and that appeal was consolidated with his direct appeal to the SJC. [Id.]

On direct appeal to the SJC, the Petitioner, still represented by counsel, made a number of arguments for the reversal of his conviction, including various ineffective assistance of counsel

---

[1] The Supplemental Answer contains the record of the state court proceedings in the Petitioner's criminal case and was filed in this Court on February 6, 2015. See Notice of Manual Filing [Dkt. 27].

[2] Massachusetts Rule of Appellate Procedure 11 allows for direct appellate review by the SJC under certain circumstances. Mass. Gen. Laws ch. 278, § 33E, requires the SJC to take direct review of first-degree murder convictions.

claims and other arguments. [See generally S.A. 35-113.][3] On May 29, 2013, the SJC affirmed both the conviction and the denial of the motion for a new trial. Santana, 465 Mass. at 295. On July 2, 2013, the Petitioner petitioned for rehearing by the SJC. [S.A. 15.] On July 25, 2013, the SJC denied the Petition for rehearing. [S.A. 15-16.]

On October 23, 2013, the Petitioner's conviction became final when his deadline for petitioning the Supreme Court for a writ of certiorari passed. Sup. Ct. R. 13. On October 24, 2014,[4] the Petitioner, now acting pro se, filed his federal habeas petition pursuant to 28 U.S.C. § 2254, seeking relief on four grounds: (1) "The SJC's refusal to grant relief based upon the trial prosecutor's failure to disclose that the surviving victim could not identify Santana on the first day of trial was an unreasonable application of federal law."; (2) "Santana invoked his right to counsel. The SJC's application of Minnick v. Mississippi[5] was unreasonable."; (3) "Santana refused to sign anything without an attorney and cut off questioning. It was ineffective not to challenge the police refusal to honor his requests. SJC was unreasonable in finding no violation."; and (4) "The SJC's conclusion that the investigatory search of a pawn ticket was not

---

[3] The Petitioner made the following arguments on direct appeal: (1) the prosecutor's failure to disclose that the sole surviving victim could not recognize the Petitioner on the first day of trial violated the Petitioner's right to due process; (2) despite the Petitioner's invocation of his right to counsel, police requested that he sign an inculpatory statement without counsel, and that statement should have been suppressed; (3) trial counsel's performance must be examined under a constitutionally permissible standard for prejudice; (4) police conduct violated Miranda v. Arizona, 384 U.S. 436 (1966), and trial counsel was ineffective for failing to move to suppress on this ground; (5) a pawn ticket and all evidence derived from it should have been suppressed; (6) statements made by the Petitioner to police should have been suppressed because the police deliberately delayed his arraignment in order to facilitate interrogation; and (7) other constitutional errors required reversal. See generally S.A. 35-113.

[4] The federal habeas petition was signed and dated September 29, 2014, but was not received by this Court until October 24, 2014. [Dkt. 1.]

[5] In Minnick v. Mississippi, 498 U.S. 146 (1990), the Supreme Court held that in a police interrogation, "when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney." 498 U.S. 146, 153 (1990).

prejudicial to the defendant and therefore trial counsel was not ineffective was unreasonable." [Dkt. 1, at 5, 7, 8, 10.] At the end of his supporting memorandum of law filed simultaneously with the federal habeas petition, the Petitioner included an "Addendum to Ramon Santana's Petition for Habeas Corpus Relief," in which he asserted the following additional grounds for relief: (5) "Trial counsel rendered ineffective assistance in failing to challenge a juror who had a past attorney-client relationship with the prosecutor, who considered the prosecutor a 'personal friend' and who had a current doctor-patient relationship with the prosecutor."; and (6) "At the hearing on Santana's motion for a new trial, the judge ordered that Santana testify before New Jersey police officers or not at all, and refused to limit cross-examination of him. These rulings violated Santana's right to due process, right to remain silent, and right against self-incrimination."[6] [Dkt. 50, at 47-54.]

On October 24, 2014, simultaneously with the filing of his federal habeas petition, the Petitioner also filed his first motion for stay. [Dkt. 2.] On November 10, 2014, he filed a second motion for stay, which the Court now considers. [Dkt. 9.] In his second motion for stay, the Petitioner stated that "[h]e has reviewed the entire case on a pro-se basis and has discovered new issues that must be exhausted in the state court . . . ." [Dkt. 9, at 2.] He further stated that he intended to file a second motion for a new trial, in which

> petitioner will bring forth an argument that counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Due to forfeiting the defendant trial defense, that the defendant suffered from a cocaine psychosis, as set forth in Commonwealth v. McHoul, 352 Mass. 544 (1967); see also Sully v. Ayers, 725 F.3d 1057, 1066 (9th Cir. 2013).[7]

---

[6] A seventh ground listed in the "Addendum" appears to be an incomplete claim: "Appellate counsel was ineffective for failure to bring a claim in Santana's direct appeal based upon." [Dkt. 5, at 50.] As to this ground, the Petitioner's memorandum of law states only: "insert ineffective assistance of appellate counsel argument if desired." [Dkt. 5, at 43.]

[7] In Strickland v. Washington, the Supreme Court announced the standard for ineffective assistance of counsel: that "counsel's conduct so undermined the proper functioning of the adversarial process that the

[Dkt. 9, at 5.]

On November 25, 2014, approximately one month after filing his federal habeas petition and first motion for stay, the Petitioner, also acting pro se, filed a second motion for a new trial in the Superior Court. [S.A. 10.] In this motion for a new trial, the Petitioner asserted two new grounds that he had not previously raised in his direct appeal to the SJC: he claimed that trial counsel was ineffective by: (1) "abandoning a 'cocaine psychosis' defense"; and (2) "failing to request the trial court to instruct the jury on voluntary intoxication as the evidence calls for such." [Dkt. 35-2, at 12, 16.] On December 15, 2014, the Superior Court denied this second motion for a new trial in a margin order. [Dkt. 35-1.] It appears that as of the date of this opinion, the Petitioner has not appealed this denial.

Although it is not entirely clear from the Petitioner's second motion for stay [Dkt. 9], when that motion is read in combination with his second motion for a new trial [Dkt. 35-2], and construing both motions liberally in light of his pro se status, it appears that he is asking the Court to stay his federal habeas petition while he pursues the two ineffective assistance of trial counsel claims made in his second motion for a new trial—i.e., abandonment of a cocaine psychosis defense and failure to request a jury instruction on voluntary intoxication. The

---

trial cannot be relied on as having produced a just result," and if so, that "the deficient performance prejudiced the defense." 466 U.S. at 686-87. In Commonwealth v. McHoul, the SJC addressed the proper jury instructions for the legal defense of insanity. 352 Mass. at 555. This case did not deal specifically with a defense of cocaine psychosis. In Sully v. Ayers, a federal habeas case, the Ninth Circuit affirmed the district court's rejection of a claim of ineffective assistance of trial counsel for failure to investigate and present a mental state defense based in part on the petitioner's purported cocaine psychosis. 725 F.3d at 1065-66, 1069. The Ninth Circuit explained that even if trial counsel's performance was deficient, the "California Supreme Court would not have been unreasonable to conclude that no prejudice resulted from counsel's errors" since there was no evidence relating to "the impact of [the petitioner's] cocaine usage or psychotic symptoms on specific instances of murder . . . ." Id. at 1069-70.

following analysis is predicated on that understanding.[8]

## III. Discussion

A federal court may not consider a petition for a writ of habeas corpus by a person in state custody unless the petitioner has previously exhausted his state court remedies for all claims raised in the federal habeas petition. 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 518 (1982). This is known as the "total exhaustion" rule. Lundy, 455 U.S. at 522.

Because neither the federal habeas petition nor the "Addendum" contained in the Petitioner's simultaneously filed memorandum of law includes the two grounds asserted in the Petitioner's second motion for a new trial, this case does not present the more typical scenario of a "mixed petition" that includes both exhausted and unexhausted claims. Presumably, however, if the Court were to grant a stay, the Petitioner would first exhaust his state court remedies as to the two new claims, and would then move to amend his federal habeas petition to include these additional grounds for relief. [Dkt. 9, at 4-5.] Other judges in the District of Massachusetts have noted that the stay-and-abeyance analysis is the same in this situation as it is for mixed petitions, which makes good sense where the "obvious purpose" of the motion for stay "is to allow for the amendment of the petition to include the currently unexhausted claims." Womack v. Saba, No. Civ.A. 11-40138-FDS, 2012 WL 685888, at *2 (D. Mass. Mar. 1, 2012) (Saylor, J.); see also Roman v. Ryan, No. Civ.A. 12-30160-TSH, 2014 WL 5112112, at *2 (D. Mass. Oct. 10, 2014) (Hillman, J.). Thus, the Court proceeds as it would have if the Petitioner had submitted a mixed

[8] The Petitioner's second motion for stay, filed on November 10, 2014, also states that "the petitioner has a claim that the 'reasonable doubt' instruction was fundamentally flawed in his case as the United States Supreme Court has articulated in its Victor v. Nebraska . . . decision." [Dkt. 9, at 2.] The motion for stay does not elaborate on this claim, however, and no such claim was raised in his second motion for a new trial, filed on November 25, 2014 (after the second motion for stay). Therefore, the Court concludes that the Petitioner is no longer pursuing this argument.

petition that included the unexhausted claims relating to a cocaine psychosis defense and an involuntary intoxication instruction.

In light of Lundy's total exhaustion requirement, when faced with a mixed habeas petition that includes both exhausted and unexhausted claims, a federal court generally has three options. It may: (1) dismiss the petition in its entirety; (2) allow the petitioner to voluntarily dismiss the unexhausted claims and proceed only on the exhausted claims; or (3) stay the petition while the petitioner exhausts his previously unexhausted claims in state court, and, once those claims are exhausted, lift the stay and allow the petitioner to proceed on the whole petition in federal court. Womack, 2012 WL 685888, at *2. Some historical context is helpful to understanding this third option. In 1996, Congress overhauled the law of habeas corpus through the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007). The total exhaustion requirement was maintained, but Congress also adopted a new, one-year statute of limitations for the filing of fully-exhausted claims in a federal habeas petition, and did not provide for any tolling of this limitations period while a mixed petition was pending in federal court. Id.; see also 28 U.S.C. § 2244(d) (setting forth the limitations period).

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the new limitations period under the AEDPA could result in claims going unreviewed forever in situations where federal habeas petitioners filed mixed petitions which were then dismissed pending exhaustion:

> As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review.

544 U.S. at 275. To address this problem, the Supreme Court in Rhines approved a "stay and abeyance" procedure that some district courts had already begun applying to mixed petitions after the enactment of the AEDPA. Id.; Josselyn, 475 F.3d at 4. The Supreme Court explained that

> [u]nder this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Rhines, 544 U.S. at 275-76.

Under Rhines, however, a stay is "available only in limited circumstances," 544 U.S. at 277, so as not to "undermine Congress' design in AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process," Josselyn, 475 F.3d at 4 (citing Rhines, 544 U.S. at 277).

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277. Further, a stay should not be granted where "the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. All three factors—good cause excusing the petitioner's failure to exhaust his claims, unexhausted claims that are not plainly meritless, and an absence of intentionally dilatory litigation tactics—must be satisfied for a district court to grant a stay. Id. at 277-78. Therefore, a petitioner's inability to show good cause, by itself, precludes a stay. See, e.g., Roman, 2014 WL 5112112, at *3 ("[T]he facts cited by Petitioner are insufficient to make a showing of good cause under Rhines. Therefore, a stay and abeyance is not appropriate."); Womack, 2012 WL 685888, at *4 ("Because petitioner has not established

good cause for failing to exhaust his state-court remedies with respect to some of his potential grounds for seeking relief under 28 U.S.C. § 2254, a stay of this proceeding under Rhines is not warranted."); Smith v. Attorney Gen. of Mass., No. CIV.A. 11-10362-NMG, 2012 WL 462964, at *5 (D. Mass. Jan. 10, 2012) ("Here, Smith has not demonstrated good cause for his failure to present his unexhausted claims to the state court, and a stay is not appropriate."); see also Minor v. Ryan, No. Civ.A. 14-12293-IT, 2015 WL 404102, at *2-*3 (D. Mass. Jan. 28, 2015) (finding that the petitioner had not shown good cause for his failure to exhaust all claims in state court and therefore, declining to stay his federal habeas petition); Gaouette v. O'Brien, No. Civ.A. 07-12202-MLW, 2010 WL 5376849, at *1 n.1 (D. Mass. Dec. 20, 2010) ("Because the court finds that petitioner has not shown good cause for failing to exhaust his claims in state court, it does not consider whether petitioner's claims are potentially meritorious or whether petitioner has engaged in intentionally dilatory litigation tactics.") (citing Rhines, 544 U.S. at 278).

In this case, the Petitioner has not made the requisite showing of good cause to warrant a stay. His first motion for stay did not address any of the Rhines factors, including good cause. [Dkt. 2.] In his second motion for stay, the Petitioner states that "[h]e has reviewed the entire case on a pro-se basis and has discovered new issues that must be exhausted in the state court pursuant to rule 30(b)."[9] [Dkt. 9, at 2.] He further asserts that there is good cause "because he has been diligent in this matter. The petitioner, along with other inmates have viewed his transcripts and discovered issues that reap of merit, and are in the process of presenting them to the state court in a rule 30(b) motion." [Id. at 4.] He offers no other argument in support of the good cause requirement.

---

[9] Rule 30(b) of the Massachusetts Rules of Criminal Procedure governs motions for a new trial. Mass. R. Cr. P. 30(b).

The Petitioner's pro se status at the federal habeas stage does not, on its own, suffice to establish good cause, particularly where he had counsel throughout his direct appeal to the SJC and the filing and appeal of his first motion for a new trial. Womack, 2012 WL 685888, at *3 ("The requirement to show good cause may be applied more loosely with pro se petitioners. . . . However, pro se status during federal habeas proceedings, without more, does not constitute good cause warranting a stay and abeyance, particularly where, as here, the petitioner was represented by counsel throughout the state-court proceedings."). Further, nothing about the nature of the unexhausted claims themselves—both alleging ineffective assistance of trial counsel—constitutes good cause. Id. at *4 ("[A] claim of ineffective assistance of counsel alone does not present good cause for a stay and abeyance."). If the Petitioner's failure to raise the unexhausted claims on direct appeal to the SJC was the product of a strategic decision by his appellate counsel, the First Circuit has held that such an intentional choice to omit certain claims from an appeal "cannot amount to good cause." Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007). If, on the other hand, these claims were omitted from his direct appeal due to his appellate counsel's ignorance or inadvertence, the First Circuit has also held in this context that "[i]gnorance of the law does not constitute good cause." Josselyn, 475 F.3d at 5. In either case, the Petitioner has not established good cause for his failure to exhaust his remedies in state court as to the two unexhausted claims at issue in his second motion for a new trial. A stay is therefore unwarranted under Rhines.[10]

[10] Given the Court's determination that the Petitioner has not demonstrated good cause to support granting a stay, it is not necessary to reach the additional requirements of Rhines. See, e.g., Gaouette, 2010 WL 5376849, at *1 n.1, and other cases cited infra at 8-9. The Court notes, however, that based on its review of the Petitioner's second motion for stay [Dkt. 9] and his memorandum of law filed in state court in support of his second motion for a new trial [Dkt. 35-2], it appears unlikely that the unexhausted claims at issue—ineffective assistance of counsel based on the abandonment of a cocaine psychosis defense and a failure to request a jury instruction on voluntary intoxication—have potential merit. Without conclusively passing judgment on the merits of these claims, it bears noting that under Rhines, the absence of potential

## IV. Conclusion

For the above reasons, the Petitioner's Motion for Stay and Abeyance [Dkt. 9] is DENIED. The petition for a writ of habeas corpus shall proceed only on those claims that were exhausted before the petition was filed.

**SO ORDERED.**

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2015

merit would be an independent reason to deny a stay.